IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tony Cunningham, #161005, | ) | |
| | ) | Civil Action No. 5:11-1037-JMC-KDW |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner, Tony Cunningham ("Petitioner" or "Cunningham"), a state prisoner, filed this

pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before

the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a

Report and Recommendation on Respondent's return and motion for summary judgment. ECF

Nos. 22, 23. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised

Petitioner of the summary judgment and dismissal procedures and the possible consequences if

he failed to respond adequately to Respondent's motion. ECF No. 24. Petitioner filed a response

in opposition to Respondent's motion. ECF No. 27. Having carefully considered the parties'

submissions and the record in this case, the undersigned recommends that Respondent's motion

for summary judgment be granted.

I.   Procedural History

Petitioner is currently incarcerated in McCormick Correctional Institution. ECF No. 1 at

1. A Clarendon County Grand Jury indicted Petitioner in July 2005 for burglary, first degree,

and grand larceny. A jury trial was held August 31 - September 1, 2005, before the Honorable

Howard P. King. App. 3.[1] Harry Devoe, Esq., represented Petitioner on the charges. The State served notice of intent to seek a life sentence. App. 236-40. The jury convicted Petitioner as charged. App. 231. The judge sentenced him to life imprisonment without the possibility of parole for the burglary offense, and five years for the larceny offense to run concurrent. App. 242-43. Petitioner appealed.

Deputy Chief Attorney for Capital Appeals Robert M. Dudek represented Petitioner on appeal. On December 5, 2006, appellate counsel filed a Final Brief of Appellant in the South Carolina Court of Appeals, and raised the following issue:

> Whether the judge erred by sentencing appellant to life imprisonment without parole pursuant to S.C. Code § 17-25-45 where it was undisputed the state did not serve appellant with the notice of intention to seek a life sentence as required by that recidivist statute?

ECF No. 23-5 at 4.

The State filed its response on December 8, 2006. ECF No. 23-6. On January 3, 2007, the case was certified for review by the South Carolina Supreme Court. ECF No. 23-7. The South Carolina Supreme Court affirmed the trial court's decision in a memorandum opinion filed on March 12, 2007, ECF No. 23-8, and issued the remittitur on March 28, 2007, ECF No. 23-9.

On November 8, 2007, Petitioner filed an application for post-conviction relief ("PCR"), in which he claimed that he was:

> (a) Denied [his] constitutional right to the effective assistance of counsel

---

[1] Citations to "App." refer to the Appendix for Writ of Certiorari as to Petitioner's claim for collateral relief in the state courts of South Carolina, which is available at ECF Nos. 23-1 through 23-3 in this habeas matter. Page number references are to the pages as numbered in the Appendix.

2

Inadequate time to prepare for trial centers on the defense's inability to review and prepare to discovery provide by the solicitor.

(b) Denied [his] constitutional right to the effective assistance of counsel

Failed to object to solicitor lack of written notice of life without parole served to defendant and his attorney

(c) Denied [his] constitutional right to the effective assistance of counsel

Lack of ten days notice prior to trial that solicitor were seeking life without parole.

(d) Denied [his] constitutional right to the effective assistance of counsel

Failed to object to the two strike, three strike enhancement law where one of the crimes was too old in order to be counted in determining Mr. Cunningham criminal history, even if Mr. Cunningham technically qualified for the enhancement, the court should've disregarded the enhancement and depart downward at sentencing because the enhancement over-represented the seriousness of Mr. Cunningham criminal past.

App. 247.

The State made a return to the application on April 3, 2008. App. 252-55. Petitioner filed a supplemental brief on May 5, 2008. App. 310-14. In his brief Petitioner asserts two additional grounds for ineffective assistance of counsel based on counsel's failure to interview and subpoena alibi witnesses, and failure to move for a hearing on the admissibility of Petitioner's prior convictions. App. 313. An evidentiary hearing was held September 16, 2008, before the Honorable George C. James, Jr. App. 257. William Ceth Land, Esq., represented Petitioner in the action. Assistant Attorney General McMahan represented the State. Petitioner and trial counsel,

3

Attorney Devoe, testified. Petitioner alleged that trial counsel was ineffective because of his failure to object to the solicitor's written notice of life without parole; because he had inadequate time to prepare of trial of defense, due to his inability to review the discovery provided by the solicitor; because of counsel's failure to adequately investigate to determine there were eye witnesses and the weight of the State's evidence. App. 260.

On November 10, 2008, the PCR court issued an order dismissing Petitioner's application for PCR. App. 316-22. Specifically, the PCR court issued the following findings of fact and conclusions of law:

> This court has had the opportunity to review the record in its entirety and has heard the testimony at the post conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required pursuant to S.C. Code Ann. §17-27-80 (2007).

> **Ineffective Assistance of Counsel**

> The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2nd 172, 174 (2002)(citing rule 71.1(e), SCRCP). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

> The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, Id. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

> First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under

4

professional norms." <u>Cherry</u>, 300 S.C. at 117, 385 S.E.2d at 625, *citing* <u>Strickland</u>. Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Cherry</u>, 300 S.C. at 117-18, 386 S.E.2d at 625. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." <u>Johnson v. State</u>, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1977)(citing <u>Strickland</u>).

### Notice of Intention to Seek Life Without Parole

Applicant first alleges ineffective assistance of counsel for failure to object to the State's notice of intention to seek life without parole ("LWOP") on the basis that it was not received within ten (10) days as required by S.C. Code Ann. §17-25-45(H). Evidence establishes that trial counsel received notice that the state was going to seek LWOP on August 18, 2005, and trial counsel testified that he discussed it with Applicant the same day, thirteen (13) days before trial. Trial counsel further testified that he discussed the LWOP notices with the Applicant often because the state had made a plea offer for a term of twenty-five (25) to thirty (30) years which would be parole-eligible. "The purpose of [S.C. Code Ann. §17-25-45(H)] is to assure that a defendant and his counsel have *actual notice* that the State is seeking a sentence under the recidivist statute at least ten days proper to trial." <u>James v. State</u>, 372 S.Ct. 287, 294, 641 S.E.2d 899, 903 (2007). [Emphasis supplied.] On these facts, I find that Applicant and his counsel had actual notice of the State's intent to seek LWOP not less than ten (10) days before trial as required by statute. Therefore, Applicant has failed to meet the first prong of the <u>Strickland</u> test; counsel's performance was not deficient in this regard. This allegation is denied and dismissed with prejudice.

### Lack of Discovery

Applicant also alleges that counsel was ineffective for failing to object to the lack of discovery received from the State. The record reflects that trial counsel did in fact properly object before the trial court that he had not received an appropriate response to his Rule 5 request and made other pre-trial motions regarding the evidence, and the motions were denied. (Trans. pp. 39 – 55.) The trial court also entertained the Applicant's own concerns related to discovery. (Trans. pp. 52 – 55.) Because counsel did object to the discovery provided by the State, I find that counsel was not deficient in this regard. For these reasons, this allegation is denied and dismissed with prejudice.

### Failure to Investigate/Locate Eyewitness(es)

Applicant further alleges that counsel was ineffective for failing to locate eyewitnesses. The evidence presented at PCR hearing establishes that Applicant

did tell trial counsel that he was at Cabbage Tire at the time of the incident, but Applicant only gave trial counsel one name of a witness: either "Kevin" or "Calvin." Trial counsel testified that he did investigate this lead but that no one at Cabbage Tire knew who the person was. I find that trial counsel made an attempt to investigate these leads that was reasonable under professional norms, and Applicant has failed to demonstrate that counsel was deficient pursuant to Strickland. Furthermore, Applicant has not demonstrated any prejudice from failure to call the witness(es) from Cabbage Tire under Strickland. Our courts have "repeatedly held a PCR Applicant *must produce the testimony* of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial." Bannister v. State, 333 S.C. 298, 302, 509 S.E.2d 807, 809 (1988). [Emphasis in original.] No eyewitnesses were presented at PCR hearing. This allegation is denied and dismissed with prejudice.

### Failure to Object to Hearsay Testimony

Applicant also alleges that trial counsel was ineffective for failing to object to hearsay testimony of Officer Ham. (Trans. pp. 95 – 130.) Specifically, Applicant points to hearsay testimony elicited during trial counsel's cross examination of Officer Ham. (Trans. pp. 117 – 118.) I find that any failure by trial counsel to object to hearsay testimony of Officer Ham was not prejudicial because this was trial counsel's own line of questioning to try to show that defendant was elsewhere at the time of the crime; this line of questioning as a whole did put before the jury some facts that Applicant may have been elsewhere. Trial counsel further testified that it was a strategic decision not to object to the hearsay testimony elicited. Where counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel. See for example Watson v. State, 370 S.C. 68, 634 S.E.2d 642 (2006). Because the testimony was elicited to show that Applicant may have been elsewhere at the time of the crimes, I find trial counsel's decision to not to object to the hearsay testimony to be reasonable. For these reasons, Applicant has failed to demonstrate any prejudice from trial counsel's failure to object to this testimony as required by the second prong of the Strickland test, and this allegation is denied and dismissed with prejudice.

### Preparation and Meeting with Attorney

Evidence further establishes that trial counsel met with the Applicant on at least five (5) occasions, [footnote omitted], talked at length about the facts of the case, and reviewed the sequence of the Applicant's activities on the date in question. [Footnote omitted]. This Court finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in his representation, and that trial counsel's conduct does not fall below the

objective standard of reasonableness.  This allegation is denied and dismissed with prejudice.

**Other Allegations**

Applicant failed to present any probative evidence regarding any further allegations.  In his PCR application, Applicant alleged that trial counsel "failed to object to the two strike, three strike enhancement…where one of the crimes was too old in order to be counted. . . ."  I specifically find that no evidence was presented regarding this allegation.  Accordingly, this Court finds that the Applicant waived such allegations and failed to meet his burden of proof regarding them.  Accordingly, they are denied and dismissed with prejudice.

**CONCLUSION**

Based on the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant her [sic] application.  Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

App. 318-21.

Petitioner appealed the denial of relief. Deputy Chief Appellate Defender Wanda H. Carter represented Petitioner on appeal.  Appellate counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on May 1, 2009, and raised the following issue:

Trial counsel erred in neglecting to check his courthouse mailbox for the state's discovery information that was sent to him well in advance of the date on which petitioner's trial was held in the case.

ECF No. 23-10 at 3.

The State made its return to the petition on August 27, 2009. ECF No. 23-11. The case was thereafter transferred to the South Carolina Court of Appeals. *See generally* Rule 243(l), South Carolina Appellate Court Rules (allowing transfer). The South Carolina Court of Appeals denied the petition for writ of certiorari on January 19, 2011, ECF No. 23-12, and issued the remittitur on February 4, 2011, ECF No. 23-13.

II.  Discussion

A.     Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus,

quoted verbatim:

Ground One: Ineffective Assistance of counsel

counsel's failure to adequately investigate obtain and receive defendants motion to discovery, which contain identification evidence, Incident report, Shieff's investigative case check sheet, Shieff's evidence inventory sheet, crucial evidentiary information material evidence, a reasonable lawyer would not have regarded as unnecessary.

Ground Two: Ineffective Assistance of counsel

Counsel's failure to investigate alibi witnesses, and interview eyewitnesses, alibi witnesses worked at cabbage tire service "Calvin and James Epps" which counsel claims to have investigate, officer T.O. Ham investigate cabbage and found James Epps who officer T.O. Ham claims that I did not arrive at 1025 am. Due to counsel's inadequate investigation he never interview eyewitness that identify (me) defendant in a identification lineup.

Ground Three: Ineffective Assistance of counsel

Counsel failure to object to hearsay testimony where officer T.O. Ham took the stand and testimony on the behalf of James Epps saying that I were at Cabbage Tire Service at 11:00 a.m. when I were there around 10:20 a.m. to 10:30 a.m. during the morning of the burglary

Ground Four: Ineffective Assistance of counsel

counsel's failure to investigate defendant's alibi.  The only thing defendant's counsel Harry Devoe look into were the victim's house, front yard, driveway and garage. Defendant's counsel never investigate cabbage tire service's Thunderbird Tire Service's, nor did he investigate cumbie's tire service's. Places I mention to him concerning my whereabouts that morning trying to have my car repair, including witnesses.

Ground Five: Ineffective Assistance of counsel

counsel's failure to seek continuance, due to his failure to investigate, obtain and receive defendants motion of discovery containing material evidence which were unknown, a

continuance would have allow defendant's counsel to adequately prepare for newly discovered evidence.

Ground Six: [there is no Ground Six in the petition or attachment]

Ground Seven: Ineffective Assistance of counsel

Lack of preparation, counsel failed to investigate obtain and receive defendant's motion of discovery containing material evidence that were never discuss during those meetings that counsel allege were enough time to prepare, when counsel and I never discuss identification witness, nor did he investigate defendant alibi witnesses which were avaiable at these places that I explain to counsel concerning (my) defendants alibi.

Ground Eight: prosecutor failed to serve written notice of intention to seek Life without parole, where written notice of intention to seek life without parole are to be serve on defendant and defendant's counsel as required by S.C. Code Ann. 17-25-45 (H.)

[no separate facts presented]

Ground Nine: Insufficiency of evidence

Insufficient evidence to support the Burglary conviction. The state did not present evidence sufficient to sustain defendants conviction for Burglary under S.C. CODE § 16-11-311.

ECF No. 1 at 5-14.

B.     Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.      Habeas Corpus Standard of Review

1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended; *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court

of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

a. Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). Recently, the Supreme Court provided further guidance regarding the deference due to state court decisions. *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011); *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786. In *Harrington*, the Court stated: "If this standard is difficult to meet, that is because it was meant to be." *Id.*, *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal habeas court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . [clearly] established Federal law as

determined by the Supreme Court of the United States," or (2) "*involved an
unreasonable application of* . . . clearly established Federal law, as determined by
the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (emphases in original). "Clearly established

Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme]

Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549

U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court

decision is "contrary to" clearly established federal law, the federal court may not grant relief

unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a

legal question, the state court decided the case differently than the Court has on facts that are

materially indistinguishable, or if the state court "identifie[d] the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the

facts of the prisoner's case." *Williams*, 529 U.S. 362, 405-13. The "unreasonable application"

portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or

erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v.

Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state

court factual determinations and provides that a petitioner can only rebut such a presumption by

"clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is

entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that

the state court unreasonably determined the facts in light of the evidence presented in state court.

b. Ineffective Assistance of Counsel Claims

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id.* at 694. The Supreme Court's recent 2011 decisions elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 131 S. Ct at 788 (internal quotation marks omitted); *Cullen v. Pinholster*, 131 S. Ct. at 1403.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Pinholster*, 131 S. Ct. at 1398. The Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did." *Id.* at 1399. Below, the district court had conducted an evidentiary hearing and considered new evidence in considering and granting petitioner's writ based on ineffective assistance of counsel. *Id.* at 1397. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id.* The Court granted certiorari and reversed, finding the district court should not have considered additional evidence that had not been available to the state courts. 131 S. Ct. at 1398. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," to permit new evidence to be presented in a federal

habeas court "would be contrary to that purpose." 131 S. Ct. at 1399 (internal citation and quotation marks omitted).

When a petitioner raises an ineffective assistance of counsel claim in a § 2254 habeas petition that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an incorrect application of federal law.'" *Id.* (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as

follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody
        pursuant to the judgment of a State court, shall not be granted unless it appears
        that—

        (A)     the applicant has exhausted the remedies available in the courts of
                the State; or

        (B)     (i) there is an absence of available State corrective process; or

                (ii) circumstances exist that render such process ineffective to
                protect the rights of the applicant.

        (2) An application for a writ of habeas corpus may be denied on the merits,
        notwithstanding the failure of the applicant to exhaust the remedies available in
        the courts of the State.

        (3) A State shall not be deemed to have waived the exhaustion requirement or be
        estopped from reliance upon the requirement unless the State, through counsel,
        expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the
        courts of the State, within the meaning of this section, if he has the right under the
        law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must

exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion

requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v.

Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues

that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise

that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3.       Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96. *See also Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review by showing cause for the default and prejudice from a violation of federal law.") (quoting *Coleman*, 501 U.S. at 750). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray,* 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual

prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.     Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id*.

III.     Analysis

A.  Procedurally-Barred Grounds

1.  The Parties' Positions

Respondent contends that Petitioner's claims, except part of Ground One[2] and Ground Seven (regarding effectiveness of counsel), are procedurally barred to the extent they were not raised or preserved in state court.[3]  Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996).  It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *See generally Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Having reviewed the record evidence and the parties' legal memoranda, the undersigned agrees with Respondent that Grounds Two through Four and Ground Nine are barred.

---

[2] The court will consider Ground One in its entirety in its analysis of the merits.
[3] Respondent submits that Petitioner's Ground Eight is not cognizable in this federal habeas matter because it based purely on state law. ECF No. 23 at 12. Accordingly, Respondent submits this ground is not subject to the concepts of exhaustion and default. *Id*.

In Grounds Two through Four, Petitioner claims he had "ineffective assistance of counsel." Specifically, his Petition included claims that counsel was ineffective for failing to investigate alibi witnesses and interview eyewitnesses (Ground Two); for failing to object to hearsay testimony (Ground Three); and for failing to investigate Petitioner's alibi (Ground Four). ECF No. 1 at 6-10. Petitioner checked the appropriate boxes on the form petition indicating that Grounds Two, Three, and Four were raised to the PCR court and on appeal from the denial of his PCR petition. ECF No. 1 at 7, 9-10, 15. Having reviewed the record, the undersigned notes that Petitioner raised the above grounds in his supplemental PCR brief, App. 310-15, and at the PCR hearing, App 257-309. However, Petitioner did not preserve these issues on appeal in the collateral proceeding. *See* ECF No. 23-10 (Pet'r's Pet. for Writ of Cert. in PCR matter, raising only discovery issue).

Petitioner asserts in Ground Five[4] that his counsel was ineffective for failing to seek a continuance to review newly discovered evidence. ECF No. 1 at 11. Petitioner states that he did not raise the issue in this Ground in a post-conviction motion. *Id.*

Petitioner asserts in Ground Nine that the state did not present sufficient evidence to sustain his burglary conviction. ECF No. 1 at 14. Petitioner admits that he did not exhaust his remedies with regard to this claim, citing his ignorance of the law. *Id.*

Respondent argues that Grounds Two through Five and Ground Nine are procedurally barred from review in this habeas proceeding because they were not properly raised and preserved below. Further, Respondent submits Petitioner has failed to show sufficient cause to

---

[4] The Petition contains no Ground Six. Respondent does not argue that Grounds Seven and Eight are procedurally barred; therefore, the undersigned will consider those claims in its merits analysis.

excuse the default, arguing that ignorance of the law is not an excuse. ECF No. 23 at 18 (citing *Washington v. James*, 996 F.2d 1442, 1447 (2d Cir. 1993); *Miller v. Bordenkircher*, 764 F.2d 245, 252 (4th Cir. 1985)). According to Respondent, Petitioner has not demonstrated prejudice, nor has he presented evidence to show a miscarriage of justice, which would require a showing of actual innocence. *See id.* at 18.

### 2. Petitioner Has Not Overcome the Procedural Bar

Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, these issues are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Murray*, 477 U.S. 478; *Wainwright v. Sykes*, 433 U.S. at 88-91; *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (noting that to satisfy the prejudice prong of *Strickland*, a petitioner must demonstrate there is a reasonable probability that, but for counsel's errors, the result would have been different); *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court."). The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488.

In responding to Respondent's motion, Petitioner does not deny his failure to exhaust his claims, but instead attributes the lack of exhaustion the failure of his appellate counsel to include his claims on appeal. Petitioner states in his Response that he "cannot allege any exeral [sic] impediment that might have prevented appellate counsel from raising these ineffective assistance claims on writ of certiorari for review." ECF No. 27 at 10. Instead he argues (erroneously) that *Murray* supports his position that appellate counsel's inadvertence to raise the issues on appeal will excuse his default. *Id.* at 11. Furthermore, *Murray* held that a federal habeas petitioner cannot show cause for procedural default based on the inadvertent error of counsel. "Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial. To the contrary, cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray*, 477 U.S. at 493.

Although Petitioner's argument is at times difficult to follow, he also seems to claim "cause" for procedural default is attributable to failure of his PCR appellate counsel to raise Grounds Two through Nine on appeal. ECF No. 27 at 7 (noting his "appellate counsel failed to raise these issue[s] during appeal to preserve issues for habeas corpus which [were] raised in post-conviction evidentiary hearing."). He asserts that counsel's failure was "unreasonable and caused Petitioner actual prejudice, and thus was ineffective assistance of counsel and possibly cause[d] Petitioner procedural default." *Id.* at 8;[5] *see also id.* at 20 (asking for review of Ground Three "where counsel has been ineffective assistance of counsel all the same"); 21 (discussing

---

[5] Elsewhere in his responsive brief, Petitioner asks that the court review all issues that had been presented to the PCR court because, through what he termed the "inadvertence" of his PCR appellate counsel, they had not been raised on appeal. ECF No. 27 at 11. The court finds these arguments unpersuasive.

Ground Four and asking court to deny "Order of Dismissal" and review all claims); 23 (same as to Ground Five).

Recently, the United States Supreme Court held that ineffective assistance of PCR counsel could constitute "cause" excusing procedural default in certain specific circumstances. *Martinez v. Ryan,* 132 S. Ct. 1309 (2012). The Court held as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320. However, the *Martinez* Court holding does not apply to claims that are procedurally defaulted by PCR *appellate* counsel. The Court explained the significant difference between attorney errors in "initial-review collateral proceedings," and subsequent collateral proceedings. *Id.*

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Id.* (citation omitted) (reconfirming its prior holding in *Coleman v. Thompson,* 501 U.S. 722, 757 (1991), that counsel's errors on appeal from an initial review proceeding would not provide cause for procedural default). *See Wilkinson v. Timme,* C/A No. 11-cv-454-REB, 2012 WL 1884518, *3 (D. Col. May 23, 2012) (denying motion to reconsider finding that petitioner had not demonstrated cause through claimed ineffective assistance of appellate PCR counsel).

Accordingly, to the extent Petitioner seeks to establish cause to excuse procedural default by claiming his appellate PCR counsel ineffectively assisted him, his argument should fail.

Further, the court finds Petitioner has not otherwise presented sufficient cause and prejudice to excuse his procedural default as to Grounds Two through Five, and/or Ground Nine. Those Grounds should be dismissed.

### 3. Petitioner Has Not Shown He Is "Actually Innocent."

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence. A witness identified Petitioner's vehicle in the carport of the burglarized home, and saw Petitioner in the car when the witness turned around to follow the car as it was leaving the premises. App. 35-38. The witness later identified Petitioner in a photographic lineup. App. 57.

In light of the foregoing, Petitioner cannot show actual innocence. Because Petitioner cannot establish actual innocence, the procedural bars apply to Grounds Two through Five, and Ground Nine. Therefore, it is recommended that Respondent's motion for summary judgment be granted as to these grounds.

In *Kornahrens*, the Fourth Circuit Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. 66 F.3d 1350. The court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion that

follows is dicta. *See Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993).

Therefore, once a court has determined that a claim is procedurally barred, it should not stray

into other considerations. Accordingly, the undersigned will not discuss the merits of the claims

raised in Grounds Two through Five and/or Nine as these claims are procedurally barred.

Therefore, it is recommended that Respondent's motion for summary judgment be granted as to

these grounds.

### B. Merits Analysis

#### 1. Grounds One and Seven[6]

The court considers the merits of Petitioner's ineffective assistance claim raised in

Ground One and Ground Seven:

> Ground One:
>
> Counsel's failure to adequately investigate obtain and receive defendants
> motion to discovery, which contain identification evidence, Incident report,
> Sheriff's investigative case check sheet, Sheriff's evidence inventory sheet,
> crucial evidentiary information material evidence, a reasonable lawyer would
> not have regarded as unnecessary.
>
> Ground Seven:
>
> Lack of preparation, counsel failed to investigate obtain and receive
> defendant's motion of discovery containing material evidence that were
> never discuss during those meetings that counsel allege were enough time to
> prepare, when counsel and I never discuss identification witness, nor did he
> investigate defendant alibi witnesses which were avaiable at these places that
> I explain to counsel concerning (my) defendants alibi.

ECF No. 1 at 5, 12.[7] Petitioner presented these claims in his initial PCR application, App. 247,

in his supplemental PCR brief, App. 311-313, and in his Petition for Writ of Certiorari, ECF No.

---

[6] The claims in Grounds One and Seven involve the same issues regarding trial counsel's alleged
ineffectiveness.

23-10.  In addressing Petitioner's claims that his trial counsel was ineffective, the PCR court

found:

> Applicant also alleges that counsel was ineffective for failing to object to the lack of discovery received from the State.  The record reflects that trial counsel did in fact properly object before the trial court that he had not received an appropriate response to his Rule 5 request and made other pre-trial motions regarding the evidence, and the motions were denied.  (Trans. pp. 39 – 55.)  The trial court also entertained the Applicant's own concerns related to discovery.  (Trans. pp. 52 – 55.)  Because counsel did object to the discovery provided by the State, I find that counsel was not deficient in this regard.  For these reasons, this allegation is denied and dismissed with prejudice.
>
> Applicant further alleges that counsel was ineffective for failing to locate eyewitnesses.  The evidence presented at PCR hearing establishes that Applicant did tell trial counsel that he was at Cabbage Tire at the time of the incident, but Applicant only gave trial counsel one name of a witness: either "Kevin" or "Calvin."  Trial counsel testified that he did investigate this lead but that no one at Cabbage Tire knew who the person was.  I find that trial counsel made an attempt to investigate these leads that was reasonable under professional norms, and Applicant has failed to demonstrate that counsel was deficient pursuant to Strickland.  Furthermore, Applicant has not demonstrated any prejudice from failure to call the witness(es) from Cabbage Tire under Strickland.  Our courts have "repeatedly held a PCR Applicant *must produce the testimony* of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial." Bannister v. State, 333 S.C. 298, 302, 509 S.E.2d 807, 809 (1988).  [Emphasis in original.]  No eyewitnesses were presented at PCR hearing.  This allegation is denied and dismissed with prejudice.
> …
> Evidence further establishes that trial counsel met with the Applicant on at least five (5) occasions, [footnote omitted], talked at length about the facts of the case, and reviewed the sequence of the Applicant's activities on the date in question. [Footnote omitted]. This Court finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in his representation, and that trial counsel's conduct does not fall below the objective standard of reasonableness.  This allegation is denied and dismissed with prejudice.

---

[7]  As discussed fully above, Petitioner's other allegations of counsel's ineffectiveness are procedurally barred and will not be considered on their merits herein.

App. 319-21.

Applying the standard of review set out in *Harrington*, *Strickland*, and § 2254, the undersigned is of the opinion that Respondent is entitled to summary judgment as to Grounds One and Seven.

Respondent argues that Petitioner is not entitled to relief because "the PCR judge reasonably applied the *Strickland* standard to facts fully and fairly supported by the record." ECF No. 23 at 17. In response Petitioner argues that counsel's failure to conduct any pretrial discovery "was not, as required under *Strickland*, reasonable and in accord with prevailing professional norms." ECF No. 27 at 3.

The undersigned agrees with Respondent. As the PCR court determined, trial counsel's assistance was not deficient regarding the discovery issues. At trial, counsel properly objected that he had not received a response to discovery requests and made other pre-trial motions regarding discovery. Counsel's performance was adequate, the PCR court found, even though the trial court denied his motions. App. 319. The PCR court also found that trial counsel did investigate the lead given to him by Petitioner, trial counsel's attempt to investigate witness leads was reasonable under professional norms, and Petitioner did not demonstrate any prejudice from failure to call the witnesses. App. 319-20. The court gives deference to findings by the state court. *Wilson v. Ozmint*, 352 F.3d 847, 858-59 (4th Cir. 2003).

Petitioner has not presented any evidence that shows the PCR court unreasonably applied federal law as established by the Supreme Court, or that the PCR court made an unreasonable determination of the facts in light of the evidence before it. *See Harrington*, 131 S. Ct. at 786-

87; *Pinholster*, 131 S. Ct. 1388. As a result, the issues in Ground One and Ground Seven are without merit and should be dismissed.

### 2. Ground Eight

In Ground Eight Petitioner asserts that the prosecutor failed to properly serve written notice of his intent to seek a sentence of life without parole as required by South Carolina's recidivist statute.[8] ECF No. 1 at 13. Prior to sentencing, the court raised this issue with trial counsel, and counsel assured the court that he had been provided written notice and that he had notified Petitioner. App. 235-40. Petitioner raised this ground on direct appeal from the trial court, arguing that "actual notice" as opposed to "written notice" was insufficient under *State v. Johnson*, 552 S.E.2d 339 (S.C. Ct. App. 2002). *See* ECF No. 23-5. The South Carolina Supreme Court certified Petitioner's case for review and affirmed the trial court's decision in accordance with *State v. James*, 641 S.E.2d 899 (S.C. 2007) (finding the notice provisions of South Carolina's recidivist statute satisfied as long as defendant and counsel possessed actual notice at least ten days before trial of the State's intent to seek a sentence under the statute).

As argued by Respondent, Petitioner's claim in Ground Eight is based on an issue "solely a matter of state law and not cognizable in this action." ECF No. 23 at 21. Federal habeas relief is only available when the alleged error was based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Any allegation that the State's prosecutor violated state law by failing to

---

[8] South Carolina's recidivist statute provides: "Where the solicitor is required to seek or determines to seek sentencing of a defendant under this section, written notice must be given by the solicitor to the defendant and defendant's counsel not less than ten days before trial." S.C. Code Ann. § 17-25-45(H).

timely serve Petitioner with written notice must fail because that is a state law issue. Accordingly, Ground Eight should be dismissed.

IV.    Conclusion

The undersigned has considered each of Petitioner's grounds for habeas corpus relief and recommends that each be dismissed. Accordingly, for the foregoing reasons, the court recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

June 27, 2012                                        Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**