**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Tony Cunningham, #161005, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 5:11-cv-01037 |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Warden Leroy Cartledge, McCormick Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Respondent Leroy Cartledge's ("Respondent") Motion for Summary Judgment [Dkt. No. 22] in response to Petitioner Tony Cunningham's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Dkt. No. 1]. Petitioner is an inmate with the South Carolina Department of Corrections, currently housed at the McCormick Correctional Institution. He filed this petition, proceeding *pro se*, on May 3, 2011. The Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 32], filed on June 27, 2012, recommends that Respondent's Motion for Summary Judgment be granted. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates it herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which carries no presumptive weight. The responsibility

1

to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C.§ 636(b)(1).

Petitioner timely filed objections [Dkt. No. 42] to the Magistrate Judge's Report. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review of Respondent's motion, the Magistrate Judge agreed with Respondent that, of the eight claims raised by Petitioner, five were procedurally barred because they were not properly raised and/or preserved below. In addition, the Magistrate Judge found that Petitioner failed to demonstrate sufficient cause and prejudice to excuse the procedural default and could not demonstrate a fundamental miscarriage of justice required to have a federal habeas court hear his claims. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("[F]ederal habeas review of the [defaulted] claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice."). In a lengthy objection to the Magistrate Judge's Report, Petitioner restates the arguments made in his initial filings opposing

Respondent's Motion for Summary Judgment. Petitioner's restated claims make use of the key terms–"cause," "prejudice," and "fundamental miscarriage of justice"–but his arguments are conclusory and do not make the necessary showing to overcome the procedural bar to habeas review by this court.

The Magistrate Judge analyzed the merits of the remaining grounds – Ground 1, Ground 7, and Ground 8. Upon review, the court concludes that the Magistrate Judge properly found Petitioner's claims for ineffective assistance of counsel contained in Ground 1 and Ground 7 of the petition failed to show that the post-conviction relief ("PCR") court unreasonably applied federal law or made an unreasonable determination of the facts. Petitioner's objection fails to add any new arguments to his original opposition papers that would make this court reject the Magistrate Judge's Report.

Finally, the Magistrate Judge determined that Ground 8, contending that the prosecutor failed to properly serve written notice of his intent to seek life without parole, was solely a matter of state law and therefore not appropriate for federal habeas relief. Petitioner's objection on this matter does not address the jurisdictional issues raised by the Magistrate Judge. After thorough consideration, the court agrees with the Magistrate Judge's recommendation that this claim should be dismissed.

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 32]. Accordingly, it is hereby **ORDERED** that Respondent's Motion for Summary Judgment [Dkt. No. 22] is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] is hereby **DISMISSED**, with prejudice.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

September 12, 2012
Greenville, South Carolina